No. 04-815

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 319N

IN RE THE MARRIAGE OF
JAMES A. SAZENSKI,

      Petitioner and Respondent,

  v.

NANCY L. SAZENSKI,

      Respondent and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. BDR 2001-577
                Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Randy L. Tarum, Tarum Law Office P.C., Great Falls, Montana

      For Respondent:

            Marcia Birkenbuel, Esq., Attorney at Law, Great Falls, Montana

                    Submitted on Briefs:  November 9, 2005

                            Decided:  December 19, 2005

Filed:

                              Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Nancy L. Sazenski (Nancy) appeals from the Order of the District Court of the Eighth Judicial District, Cascade County, resolving the dispute between Nancy and her former husband, James A. Sazenski (James), regarding the distribution of their assets and liabilities pursuant to the dissolution of their marriage. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Nancy and James married in 1987 in Lakeville, Minnesota. In 1989, James purchased a 25% interest in a farming operation in Montana. He made this investment with $9,500.00 from a fund which he owned prior to the marriage, as well as $159,679.00 which he received as a gift from his father. This interest was held in James' name alone.

¶4 In 1998, James and Nancy bought a home in Montana. That same year, James became a resident of Montana. In 1999, James received $212,633.00 for the sale of his 25% interest in the farming operation. From these proceeds, $138,000.00 was used to pay the balance owed on the parties' Montana home, while $10,000.00 was used to purchase additional acreage adjacent to the home.

2

¶5 On February 10, 2003, the District Court of the First Judicial District, Dakota County, Minnesota, dissolved the marriage and determined the parenting and support of the parties' two minor children. In the instant proceedings, the District Court held a bench trial on February 17, 2004, and subsequently rendered findings of fact, conclusions of law, and its Order on September 28, 2004.

¶6 In its Order, the District Court specified that the parties' Montana home be sold and that the first $148,000.00 from the proceeds be apportioned to James. Further, the Order specified that the sale proceeds be used to pay property taxes to the Cascade County Treasurer and any closing costs and realtor costs associated with the sale. Finally, the Order specified that the remaining proceeds be divided equally between James and Nancy, with approximately $80,000 to be deducted from James' share for, *inter alia*, child support obligations.

¶7 As for the initial apportionment to James, the District Court found:

> $148,000.00 of the value of this home was provided from and is traceable to the profits from the farming operation. Approximately $160,000.00 in the form of a cash gift to James from his father was used to purchase the farming operation. Since Nancy made no significant contribution to the maintenance or increased value of the farm, the $148,000.00 ($138,000.00 balance payoff and $10,000.00 additional acreage purchase) should be apportioned to James prior to the payment of any costs or disbursements . . . .

Further, the District Court concluded, as a matter of law, that the $159,679.00 gift from James' father was traceable through the purchase of the farm interest to the expenditure on the Montana home and adjacent acreage. On appeal, Nancy challenges these findings and

3

conclusions, arguing that the proceeds from the sale of the Montana home should have been divided equally.

## DISCUSSION

¶8      We have determined that our decision in this case is appropriately rendered by memorandum opinion pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003.

¶9      On appeal, Nancy essentially asks this Court to substitute its judgment for that of the District Court on various factual matters. However, this Court does not conduct *de novo* review of a district court's apportionment of a marital estate. *Harper v. Harper*, 1999 MT 321, ¶ 18, 297 Mont. 290, ¶ 18, 994 P.2d 1, ¶ 18. The standard of review of a district court's division of marital property is whether the district court's findings of fact are clearly erroneous and whether the court correctly applied the law. *In re Marriage of Herrera*, 2004 MT 40, ¶ 18, 320 Mont. 71, ¶ 18, 85 P.3d 781, ¶ 18. A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us the district court made a mistake. *Herrera*, ¶ 18.

¶10     Moreover, we have observed that achieving an equitable distribution of marital property will at times require district courts to engage in discretionary action which can not be accurately categorized as either a finding of fact or a conclusion of law. *Harper*, ¶ 17. These discretionary judgments are presumed to be correct and will not be disturbed by this Court absent an abuse of discretion. *Harper*, ¶ 17.

4

¶11 First, Nancy argues that James assured her during the marriage that the interest in the farming operation was a joint asset for their retirement. At trial, Nancy's testimony conflicted with James's testimony on this issue. Because the District Court was in the best position to observe and judge witness credibility, we will not second guess its determination regarding the strength and weight of conflicting testimony. *In re Marriage of Mease*, 2004 MT 59, ¶ 50, 320 Mont. 229, ¶ 50, 92 P.3d 1148, ¶ 50.

¶12 Second, Nancy asserts that substantial marital funds were used to support the farming operation. The District Court found that there was no credible evidence to support Nancy's testimony that marital funds were used to maintain the farm operation. On appeal, Nancy presents portions of the evidence that was presented at trial and claims that the District Court's findings are inconsistent. An appellant has the burden of establishing error by a district court. *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, ¶ 26, 87 P.3d 1032, ¶ 26. We find no inconsistency in the District Court's findings, and Nancy's bald assertions contradicting the court's finding are insufficient to establish error.

¶13 Third, Nancy argues that she made substantial contributions to the maintenance and preservation of the farm. The District Court found that neither Nancy or James participated in or contributed to the maintenance or preservation of the farming operation in any substantial way. We have held that gifted property need not be included in the marital estate unless the non-acquiring spouse contributed to its preservation or appreciation. *Harper*, ¶ 27. On appeal, Nancy presents portions of the evidence that was presented at trial and claims that the District Court failed to recognize her significant contributions. Again, an appellant has

the burden of establishing error by a district court. *Bailey*, ¶ 26. Nancy's bald assertions contradicting the District Court's finding are insufficient to establish error.

¶14    Fourth, Nancy argues that the gifted property could not be traced, as the District Court concluded, because "intervening facts operate to sever the traceable nature of the farm proceeds back to a gift." We decline to address this argument because it is not supported by citation to legal authority, as required by Rule 23(a)(4), M.R.App.P. *Gollehon v. State*, 1999 MT 210, ¶ 10, 296 Mont. 6, ¶ 10, 986 P.2d 395, ¶ 10. Nor is this argument presented with the precision required of appellate briefing. As we have held, this Court is not obligated to develop legal analysis that may lend support to a litigant's position. *In re Estate of Bayers*, 1999 MT 154, ¶ 19, 295 Mont. 89, ¶ 19, 983 P.2d 339, ¶ 19.

¶15    Finally, Nancy argues that because she and James set aside the farm interest as their retirement, "James was barred at trial by *estopple in pais* from arguing that the farm property was his separate traceable asset." We decline to address this argument because it is not supported by citation to legal authority, *Gollehon*, ¶ 10, nor is it sufficiently precise for our review, *Bayers*, ¶ 19.

¶16    District courts are vested with broad discretion in determining fair distribution of marital property. *Harper*, ¶ 36. Here, Nancy has failed to demonstrate that the District Court committed any error in rendering its determination.

¶17    To the extent this case requires further proceedings to implement the trial court's decree, it is remanded. As to the issues raised on appeal, the District Court is affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM RICE